AO 91 (Rev. 5/85) Criminal Complaint

# United States District Court

_____ DISTRICT OF MASSACHUSETTS _____

UNITED STATES OF AMERICA

V.

MICHAEL PRIDGEN

**CRIMINAL COMPLAINT**

CASE NUMBER: 04-mj00084 -LPC

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about October 29, 2004 in Suffolk county, in the District of Massachusetts defendant(s) did, (Track Statutory Language of Offense)

possess in and affecting commerce a firearm after having been convicted in any court of a crime punishable by imprisonment for a term exceeding one year

in violation of Title 18 United States Code, Section(s) 922(g)(1).

I further state that I am a(n) Special Agent, ATF and that this complaint is based on the following
Official Title

facts:

See attached affidavit of ATF Special Agent Lisa Rudnicki

Continued on the attached sheet and made a part hereof: [X] Yes  [ ] No

_____
Signature of Complainant

Sworn to before me and subscribed in my presence,

December 2, 2004 at Boston, MA
Date                                        City and State

LAWRENCE P. COHEN
UNITED STATES MAGISTRATE JUDGE                _____
Name & Title of Judicial Officer              Signature of Judicial Officer

This form was electronically produced by Elite Federal Forms, Inc.

## AFFIDAVIT

I, Lisa Rudnicki, having been duly sworn, on oath depose and state that:

1.  I am a Special Agent with the Bureau of Alcohol, Tobacco and Firearms ("ATF"), and have been so employed since 1996. In that capacity, I investigate numerous violations of the federal firearms statutes and have participated in numerous investigations relating to the unlawful possession of firearms.

2.  I am aware based on my training and experience that Title 18, United States Code, Section 922(g)(1) makes it a federal offense for any individual who has previously been convicted of a felony offense to possess a firearm or ammunition in or affecting interstate commerce. Having so stated, I make this affidavit in support of a complaint charging an individual named Michael Pridgen ("PRIDGEN") with being a felon in possession of ammunition in violation of that statute.

3.  The statements contained in this affidavit are based on my own investigation and on information provided to me by officers of the Boston Police Department and ATF. This affidavit is submitted for the limited purpose of establishing probable cause to believe PRIDGEN violated 18 U.S.C. §922(g)(1), and therefore does not set forth all of the information that I and other law enforcement personnel have obtained during the course of this investigation.

4. On October 29, 2004 at approximately 10:55 a.m., Boston Police officers Michael Ross and Juan Seoane were on the second floor of the Roxbury District Court when they heard what they believed were gun shots outside of the courthouse. The officers looked outside and saw several people running toward the courthouse. The officers also observed Boston Police Officer Albert Rue running toward Warren Street and attempting to transmit on his radio.

5. Officers Ross and Seoane ran outside to investigate and witnesses directed them toward the intersection of Warren Street and Dudley Street. When the officers arrived at that intersection, a Boston tow truck driver and a civilian indicated that the suspect had run toward Warren Place.

6. A witness at Warren Place told Officer Ross that the suspect ran around to the back of a newly constructed home at 8 Warren Place. At the same time, nearby construction workers working on top of a roof told officer Ross that the suspect went toward the rear yard of 8 Warren Place. One of the workers subsequently told the police that the suspect was holding a silver colored handgun.

7. As Officer Ross proceeded down the driveway at that address, a man later identified as PRIDGEN was walking towards him from the back yard, dressed in a white shirt, blue jeans, and white sneakers. Officer Ross detained Pridgen without incident

and brought him to the front of the house. After other Officers arrived, Officer Ross went to the back yard, which was enclosed by a chain link fence, and confirmed that there were no other individuals in the area.

8. Officer Ross also observed what appeared to be fresh foot prints in the dirt leading from the driveway to the rear fence. On the other side of the fence, Officer Ross saw a rolled up black sweatshirt. Underneath the sweatshirt, Officers found a silver colored, Smith and Wesson, 357 Model 65 revolver, bearing serial number 7D12564. The gun was loaded with 4 live rounds, 3 rounds of .357 caliber ammunition and 1 round of 38 caliber ammunition. Two spent rounds were also found in the gun, indicating it had been fired at least twice.

9. Two witnesses who had seen the suspect run behind 8 Warren Place subsequently told the police that PRIDGEN was in fact the person they had seen run behind the house. One of the witnesses stated that PRIDGEN, now in a white shirt, had in fact been wearing a black sweatshirt when he first ran behind the house.

10. I am aware that a trace of the firearm was conducted by virtue of its serial number. The trace showed, among other things, that the firearm was manufactured by Smith & Wesson in Springfield, Massachusetts, and shipped to a licensed firearms dealer in Knoxville, Illinois on January 3, 1983, which means the

firearm necessarily crossed a state line before being recovered on October 29, 2004.

11. I have reviewed PRIDGEN's criminal history as maintained by the Massachusetts Criminal History Systems Board. It shows among other things that PRIDGEN was convicted of assault with a dangerous weapon in the Roxbury District Court on September 26, 2003. I know from my training and experience that this offense is a felony under Massachusetts law and is punishable be a term of imprisonment in excess of one year.

12. Based on the foregoing, I have probable cause to believe that, on or about October 29, 2004, Michael Pridgen, having been previously convicted of a crime punishable by a term of imprisonment exceeding one year, did possess, in and affecting commerce, a firearm, in violation of Title 18, United States Code, Section 922(g)(1).

*Lisa A Rudnicki*
LISA RUDNICKI
Special Agent, ATF

Sworn and subscribed to before me this ___ day of December, 2004.

LAWRENCE P. COHEN
U.S. Magistrate Judge

4