UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Magistrate No.
04-M00084-LPC


UNITED STATES OF AMERICA


v.


MICHAEL PRIGDEN


MEMORANDUM AND ORDER ON GOVERNMENT'S
MOTION FOR DETENTION

December 10, 2004

COHEN, M.

The above-named defendant was arrested on a charge of being a felon in

possession of a firearm.  On the occasion of his first appearance, the government

moved for pretrial detention on the grounds of danger to the community and risk of

flight.  After appointment of counsel, the detention hearing was held on Thursday,

December 9, 2004.

I. A. Under the provisions of 18 U.S.C. 3142(c), "[t]he judicial officer may not

impose a financial condition that results in the pretrial detention of the person."  Thus, a

defendant must be released under the provisions of 18 U.S.C. 3142(b) or (c), or

detained pending trial under the provisions of 18 U.S.C. 3142(e). See 18 U.S.C.

3142(a).

Under §3142(e), a defendant may be ordered detained pending trial if the

judicial officer finds by clear and convincing evidence, after a detention hearing under the provisions of §3142(f), "...that no condition or combination of conditions (set forth under §3142(b) or (c)) will reasonably assure the safety of any other person or the community....", or if the judicial officer finds by a preponderance of the evidence, after a detention hearing under the provisions of §3142(f), "...that no condition or combination of conditions (set forth under §3142(b) or (c)) will reasonably assure the appearance of the person as required ...".[1]

B.  The government is entitled to move for detention on grounds of danger to the community in a case that--

(1) involves a crime of violence within the meaning of §3156(a)(4);

(2) involves an offense punishable by death or life imprisonment;

(3) involves an offense proscribed by the Controlled Substances Act or the Controlled Substances Import and Export Act for which the punishment authorized is imprisonment for ten years[2] or more; or

(4) involves any felony alleged to have been committed after the defendant has been convicted of two or more crimes of violence, or of a crime, the punishment for

---

[1]     The distinction between the former and latter are made clear by the very language of Section 3142(f). In the last paragraph of that section, Congress has stated there must be clear and convincing evidence to authorize pretrial detention when the question is whether any condition or combination of conditions "will reasonably assure the safety of any other person and the community...". (Last emphasis added).  By not requiring that same standard vis a vis an assessment of risk of flight, it is clear that a lesser standard--i.e., preponderance of the evidence-- applies.  And that is precisely the holding in this and other Circuits.  See e.g., United States v. Patriarca, 948 F.2d 789, 792-93 (1st Cir. 1991); United States v. Jackson, 823 F.2d 4, 5 (2d Cir. 1987); United States v. Berrios-Berrios, 791 F.2d 246, 250 (2d Cir.), cert. dismissed, 107 S.Ct. 562 (1986); United States v. Chimurenga, 760 F.2d 400, 405 (2d Cir. 1985); United States v. Himler, 797 F.2d 156, 161 (3d Cir. 1986).

[2]     The maximum penalty is that provided by the statute defining and/or providing the punishment for the substantive offense--not the sentence, or even the maximum sentence, which might otherwise be imposed under the federal Sentencing Guidelines. See United States v. Moss, __ F.2d __, No. 89-1859, Sl.Op. 8-12 (1st Cir. October 5, 1989).

which is death or life imprisonment, or a ten year [or more] offense under the Controlled

Substances Act or the Controlled Substances Import and Export Act.

Additionally, the government or the court <u>sua</u> <u>sponte</u> may move for, or set, a

detention hearing where there is a serious risk that the defendant will flee, or where

there is a serious risk of obstruction of justice or threats to potential witnesses. See 18

U.S.C. 3142(f).

C.  In determining whether there are conditions of release which will reasonably

assure the appearance of the person as required and the safety of any other person

and the community, or whether pretrial detention is warranted, the judicial officer must

take into account and weigh information concerning--

    (a) the nature and circumstances of the offense charged, including
whether the offense is a crime of violence or involves a narcotic drug;

    (b) the weight of the evidence against the accused;

    (c) the history and characteristics of the person, including--

    (i) his character, physical and mental condition, family ties, employment,
financial resources, length of residence in the community, community ties, past
conduct, history relating to drug or alcohol abuse, criminal history, and record
concerning appearance at court proceedings; and

    (ii) whether, at the time of the current offense or arrest, he was on probation,
on parole, or other release pending trial, sentencing, appeal, or completion of
sentence for an offense under Federal, State or local law; and

    (d) the nature and seriousness of the danger to any other person or the
community that would be posed by the person's release....

D.  Additionally, in making the determination, the judicial officer must consider

two <u>rebuttable</u> presumptions, to wit:

    <u>First</u>, a rebuttable presumption arises that no condition or combination of

conditions will reasonably assure the <u>safety</u> of any other person or the community if the judicial officer finds (1) that the defendant has been convicted of a Federal crime of violence within the meaning of §3156(a)(4) [or a state crime of violence within the meaning of §3156(a)(4) if the offense would have been a <u>federal</u> offense if a circumstance giving rise to federal jurisdiction had existed], a federal offense for which the maximum sentence is life imprisonment or death, a federal offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act--e.g., possession of cocaine, heroin, more than 1000 pounds of marihuana, with intent to distribute--, or the Controlled Substances Import and Export Act, <u>or</u> any felony after the person has been convicted of two or more prior offenses as described immediately above, or two or more state or local offenses that would have been offenses described immediately above if circumstances giving rise to federal jurisdiction had existed; (2) that prior offense was committed while the person was on release pending trial; and (3) not more than five years has elapsed since the date of conviction for that prior offense, or his or her release for that prior offense, whichever is later.[3]

       <u>Second</u>, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person has committed an offense for which a maximum term of

---

[3]    In the circumstances of this case, this court finds and concludes that the rebuttable presumption applies to this case. See note 8, *infra*.

imprisonment of ten years or more is prescribed by the Controlled Substances Act or the Controlled Substances Import and Export Act <u>or</u> an offense under the provisions of 18 U.S.C. 924(c)--i.e., use of or carrying a firearm during the commission of a federal offense which is a felony.

Insofar as the latter "presumption" is applicable in assessing "risk of flight", the burden remains with the government to establish "...that no condition or combination of conditions will reasonably assure the appearance of the person as required....". In striking the proper balance, this court must bear in mind Congress' findings that major drug offenders, as a class, pose a special danger of flight. The burden then rests on the defendant to come forward with "some evidence", <u>United States</u> v. <u>Dillon</u>, 938 F.2d 1412, 1416 (1st Cir. 1991), indicating that these general findings are not applicable to him for whatever reason advanced. At this point, this court must weigh all relevant factors [set forth under §3142(g)], and then determine whether any condition or combination of conditions will reasonably assure the appearance of the [defendant] as required....". The decision is an individualized one based on all relevant factors. See <u>United States</u> v. <u>Jessup</u>, 757 F.2d 378 (1st Cir. 1985).[4]

---

[4]     The presumption is always entitled to evidentiary weight, the amount of which, if at all, depends on the nature of the production by the defendant and the other factors set forth under Section 3142(d).  On later occasion, the United States Court of Appeals has observed, <u>inter alia</u>:

> Section 3142(e), however, only imposes a burden of production on a defendant.  The burden of persuasion remains with the government.  Nevertheless, even after a defendant has introduced some evidence to rebut the flight presumption, the presumption does not disappear, but retains evidentiary weight--the amount depending on how closely defendant's case resembles the congressional paradigm, <u>Jessup</u>, 757 F.2d at 387--to be considered along with other factors.

<u>United States</u> v. <u>Palmer-Contreras</u>, 835 F.2d 15, 17-18 (1st Cir. 1987)(per curiam); <u>see</u> <u>also</u>, <u>United States</u> v. <u>Perez-Franco</u>, 839 F.2d 867, 869-70 (1st Cir. 1988).  Even when a defendant produces "some evidence" in rebuttal, however--

> the presumption does not disappear. The burden of persuasion remains on the government <u>and</u>

Additionally, with respect to those presumptions which are triggered by a finding of probable cause that the accused committed the offense with which he is charged, the return of an indictment "fair upon its face" conclusively establishes the existence of probable cause, and triggers the applicability of the particular presumption. United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991); United States v. Vargas, 804 F.2d 157, 161 (1st Cir. 1986); United States v. Dominiguez, 783 F.2d 702 (7th Cir. 1986); United States v. Hurtado, 779 F.2d 1467, 1477-1479 (11th Cir. 1985); United States v. Contreras, 776 F.2d 51, 52, 54-55 (2d Cir. 1985); United States v. Hazime, 762 F.2d 34, 37 (6th Cir. 1985).

Moreover, one may be considered a danger to the community even in the absence of a finding by clear and convincing evidence that the accused will engage in physical violence. To the contrary, as noted by the Committee on the Judiciary (Report of the Committee on the Judiciary, United States Senate, on S. 215. 98th Congress, Report No. 98-147 (May 25, 1983)--

> The concept of defendant dangerousness is described throughout this chapter by the term "safety of any other person or the community." The reference to safety of any other person is intended to cover the situation in which the safety of a particular identifiable individual, perhaps a victim or witness, is of concern, while the language referring to the safety of the community refers to the danger that the defendant might engage in criminal activity to the detriment of the community. The Committee intends that the concern about safety be given a broader construction than merely danger of harm involving physical violence....The Committee also emphasizes that the risk that a defendant will continue to engage in drug trafficking constitutes a danger to the "safety of any other person or the

---

the rebutted presumption retains evidentiary weight. (Emphasis added).

United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991)(Emphasis added). See also, United States v. Rodriquez, 950 F.2d 85, 88 (2d Cir. 1991).

community." (Emphasis added; footnotes omitted).

See also, United States v. Hawkins, 617 F.2d 59 (5th Cir.), certiorari denied, 449 U.S. 962 (1980)(trafficking in controlled substances).[5]

Finally, the presumptions are applicable if the judicial officer finds probable cause to believe that the accused has committed one of the predicate offenses referred to above, even if the charge before the court does not involve that particular offense. See United States v. Bess, 678 F.Supp. 929, 934 (D.D.C. 1988); but see, United States v. Chimurenga, 760 F.2d 400 (2d Cir. 1985).[6]

II. The defendant is 20 years old, having been born in Jamaica Plain in 1984. His mother is deceased, and the whereabouts of his father is unknown. He has an older brother and sister. Although he once lived at 60 Bickford Street in Jamaica Plain, that residence is no longer available, since it was the residence of his mother who passed away within the past year. He reported no firm residence in the community. He reports no assets or liabilities.

---

[5]     A defendant may be ordered detained as a danger to the safety of another or to the community, however, only if the judicial officer determines that a detention hearing is appropriate under the provisions of 18 U.S.C. 3142(f)(1)(A) through 3142(f)(1)(D). That is to say, even if a detention hearing is appropriate under Sections 3142(f)(2)(A) through 3142(f)(2)(B) [for risk of flight or danger of obstruction of justice or intimidation of witnesses], danger to the community is not a basis upon which a defendant may be ordered detained prior to trial, unless the government has moved under Section 3142(f)(1), and the judicial officer has determined that a hearing is appropriate under that latter section. See United States v. Ploof, 851 F.2d 7 (1st Cir. 1988).

[6]     In this court's view, Judge Robinson's decision in Bess, supra, is the more persuasive one, the holding in Chimurenga, supra, notwithstanding. The Bail Reform Act of 1984 was modeled, in large part, on the preventative detention statutes in effect for a number of years in the District of Columbia. This court does not view the requirement that the offense giving rise to the statutory presumption be contained within the formal charge as consistent with the procedural framework imposed by the statute. The Chimurenga court seems to suggest that the requirement is necessary to provide fair notice to the defendant that the statutory presumption will come into play. But a formal charge, as such, is only one method by which to give that fair notice. For example, in a complaint charging armed bank robbery in violation of the provisions of 18 U.S.C. 2113(d), the operative facts set forth in the affidavit in support of the charging complaint may well state that the defendant was using a firearm during the commission of the robbery. That is clearly fair notice.

The defendant has a significant prior criminal record, both juvenile and adult.  In 2000, he was adjudicated delinquent on charges of unarmed burglary and assault and battery with a dangerous weapon, and was committed to the custody of DYS.  On or about August 1, 2002, he was charged with assault by means of a dangerous weapon with intent to rob, assault and battery with a dangerous weapon, and larceny from the person.  While those charges were pending,[7] and the defendant was on bail, he was arrested, on January 6, 2003, on charges of assault and battery, larceny from the person, and assault and battery with a dangerous weapon.  On September 26, 2003, he was convicted on all of these latter charges,[8] and received a suspended sentence and probation.[9]

III.    The record evidence, the details of which are set forth in the affidavit of Special Agent Rudnicki in support of the application for a criminal complaint, shows that on October 29, 2004, shots were fired outside the Roxbury District Court.[10]  When investigating police officers exited the courthouse, two witnesses reported  "...that the suspect had run towards Warren Place."  Giving chase, one of the police officers was told by another witness that the suspect had run around a newly constructed home at 8 Warren Place.  At the same time, construction workers working on top of a roof in that

---

[7]    He was subsequently convicted on those charges on September 26, 2003, and received a suspended sentence and probation.  A probation violation notice has since issued, and that probation violation matter is currently pending.

[8]    Making the statutory presumption referred to in 18 U.S.C. § 3142(e) applicable, see note 3, *supra*.

[9]    A probation violation notice has since issued on these charges as well, and that probation violation matter is currently pending.

[10]    Although not presented in the government's direct evidence, this court is satisfied, based on the evidence brought out in cross-examination by the defendant, that the defendant was shooting at another victim who fled and escaped injury in terms of a gunshot wound.

area told the pursuing officers that the suspect had run towards the rear year of 8
Warren Place holding a silver colored handgun.  As an officer proceeded down the
drive way towards that back yard, he met the defendant, then wearing only a white
shirt, walking out of that yard.   The defendant was then detained by the officer.  Other
officers found a silver colored Smith and Wesson 357 Model 65 with four live rounds
and two spent rounds rolled up in a black sweatshirt.  Two of the witnesses who had
observed the defendant running towards Warren Place said that he had been wearing
a black sweatshirt as he ran towards Warren Place.

IV.   In the circumstances, this court finds and concludes that no condition or
combination of conditions, short of pretrial detention, would reasonably assure the
presence of the defendant or the safety of the community.

On the matter of risk of flight, the defendant, on the basis of overwhelming
evidence against him, faces, on the basis that he will be convicted as an armed career
criminal, a mandatory minimum sentence of imprisonment for fifteen years.[11]  Given
these prospects of a lengthy prison sentence, and the defendant's lack of any
significant roots, the government has established by a preponderance of the evidence
that the defendant, if released on conditions, would fail to appear for trial.[12]

On the matter of danger to the community, as indicated above,[13] the statutory
presumption applies in this case.  And the defendant has proffered nothing to effect the

---

[11]    And a maximum of life imprisonment.

[12]    Indeed, at the detention hearing, defendant eschewed any argument opposing the government's
motion for detention.

[13]    Notes 3 and 8, *supra*.

weight of that statutory presumption.[14]   Indeed, the statutory presumption complements

the conduct of the defendant, who, as shown *supra*,[15] while on bail in connection with a

crime of violence, committed two other crimes of violence.   In the circumstances, the

government has established by clear and convincing evidence that no reasonable

conditions of release would ensure that the defendant, shown to have fired at another,

see note 10, *supra*, and shown to continue his ways of violence even when released on

bail, would not pose a danger to the community or others.

    V.   IT IS ACCORDINGLY ORDERED that the defendant be DETAINED pending

trial, and it is further Ordered--

    (1) That the defendant be committed to the custody of the Attorney General for

confinement in a correction facility separate, to the extent practicable, from persons

awaiting or serving sentences or being held in custody pending appeal;

    (2) That the defendant be afforded a reasonable opportunity for private

consultation with counsel; and

    (3) On order of a court of the United States or on request by an attorney for the

government, the person in charge of the corrections facility in which the defendant is

---

[14]   "[T]he presumption does not disappear. The burden of persuasion remains on the government <u>and the rebutted presumption retains evidentiary weight</u>." (Emphasis added).

*United States v. Dillon*, 938 F.2d 1412, 1416 (1st Cir. 1991)(Emphasis added). *See also*, *United States v. Rodriquez*, 950 F.2d 85, 88 (2d Cir. 1991).

    That does not mean, of course, that the presumption is conclusive.  The question is whether the defendant has produced some evidence to show 'that what is true in general is not true in [his] case....".   *Jessup*, supra, at 384.

    In this case, as indicated in note 12, *supra*, defendant offered nothing in opposition to the government's motion for detention, much less anything which would effect or touch upon the weight of the statutory presumption.

[15]   Note 3.

detained and confined deliver the defendant to an authorized Deputy United States

Marshal for the purpose of any appearance in connection with a court proceeding.


_____

UNITED STATES MAGISTRATE JUDGE